UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| KOSHIKA BRITTON )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>MIDWEST RECOVERY FUND, LLC )<br>   Defendant, )<br> ) | Civil Action No. 4:13-cv-02317 |

**COMPLAINT**

## I.     INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Koshika Britton, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.    JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Koshika Britton (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Harris County, in the state of Texas.

5.  Defendant, Midwest Recovery Fund, LLC is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Hennepin County, in the state of Minnesota.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and

regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8. Sometime before 2013, Plaintiff, Koshika Britton, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff Koshika Britton.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5); namely a federal student loan.

11.  Within one year prior to the filing of this complaint, around early June of 2013, Plaintiff called Defendant, using her cell phone, after learning that her friend had been contacted by Defendant in regards to Plaintiff and an alleged debt.  Defendant then called Plaintiff back on her cell phone, trying to collect on an alleged consumer debt.  Plaintiff told Defendant to stop calling her, yet Defendant continued to call her cell phone, knowing this would harass and also annoy Plaintiff.  Defendant had other means by which it could contact Plaintiff other than by the telephone.   This conduct by Defendant was in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692d, and § 1692f.  This were communication(s), as defined under 15 U.S.C. § 1692a(2).

12.  Within one year prior to the filing of this complaint, Defendant spoke to a friend of Plaintiff around early June of 2013, and alerted her to Plaintiff's alleged debt, without Plaintiff's consent.   This was in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692d, 1692c(b), and § 1692f.  This conversation between Defendant and Plaintiff's friend was a "communication" as defined under 15 U.S.C. § 1692a(2).

13.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by this Defendant.

14. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, embarrassment, anxiety, emotional distress, fear, frustration, humiliation, and upset, amongst other negative emotions.

15. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## V.     CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff Koshika Britton repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an

amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

19. Plaintiff Koshika Britton repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

21. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

22. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

23. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully continuing to call Plaintiff's cell phone, without her consent, after having been given reason to know this was prohibited and would harass and annoy Plaintiff, and thereby invaded Plaintiff's right to privacy.

24. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

25. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

26. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Koshika Britton respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and actual damages from Defendant for intentional and/or negligent invasions of privacy; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.


Dated:  August 9, 2013                                  RESPECTFULLY SUBMITTED,
                                                                       By: /s/ Kevin Crick
       Kevin Crick, Esq.
       BBO:  680950
       Consumer Rights Law Firm, PLLC
       231 Sutton Street, Suite 1A
       North Andover, Massachusetts 01845
       Phone: (978) 420-4747
       Fax#1: (888) 712-4458
       Fax#2: (978) 409-1846
       kevinc@consumerlawfirmcenter.com
       **Attorney for Plaintiff**